**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**BYRON J. DOUGLAS,**

　　　**Plaintiff,**

**v.**　　　　　　　　　　　　　**Case No.:**

**BAYMEADOWS HOSPITALITY**
**SERVICES LLC,**

　　　**Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, BYRON J. DOUGLAS, by and through undersigned counsel, brings this action against Defendant, BAYMEADOWS HOSPITALITY SERVICES LLC ("Defendant"), and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1.　　　This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3).

2.　　　This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.　　　Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Duval County, Florida.

**PARTIES**

4.　　　Plaintiff is a resident of Duval County, Florida.

5.     Defendant operates a hospitality services company in Jacksonville, in Duval County, Florida.

## GENERAL ALLEGATIONS

6.     Plaintiff has satisfied all conditions precedent, or they have been waived.

7.     Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.     Plaintiff requests a jury trial for all issues so triable.

9.     At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10.     At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11.     Defendant continues to be an "employer" within the meaning of the FLSA.

12.     At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

13.     At all times relevant to this action, Defendant was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

14.     At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

## FACTS

15.     Plaintiff began working for Defendant as a maintenance worker in February 2019 and he worked in this capacity until March 27, 2021.

16.     At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

17.     Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

18.     Plaintiff worked at three separate hotels owned by Defendant.

19.     In an effort to avoid paying Plaintiff overtime, Defendant compensated Plaintiff based on the hours Plaintiff worked at each individual hotel rather than Plaintiff's combined work hours, in violation of the FLSA.

20.     Defendant failed to pay adequate overtime compensation to Plaintiff during weeks in which (i) he worked for three hotels owned by Defendant and (ii) his combined work hours exceeded 40 hours a week.

21.     Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

22.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

23.    During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

24.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

25.    As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

   a)    Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

   b)    Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

   c)    An equal amount to Plaintiff's overtime damages as liquidated damages;

   d)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

   e)    A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

   f)    All costs and attorney's fees incurred in prosecuting these claims; and

   g)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

4

Dated this 1st day of July, 2021.

Respectfully submitted,

**Christopher J. Saba**
Florida Bar Number:
**Wenzel Fenton Cabassa P.A.**
1110 N. Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-321-4086
Facsimile No.: 813-229-8712
Email: csaba@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorneys for Plaintiff**